UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KENNETH S. GRABARCZYK, on behalf of himself and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| JOSHUA STEIN, Attorney General of the State of North Carolina, in his official capacity; BOB SCHURMEIER, Director of the North Carolina State Bureau of Investigation, in his official capacity; SEAN BOONE, District Attorney of Alamance County, North Carolina, in his official capacity; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **COMPLAINT UNDER 42 U.S.C. § 1983**

### I. Introduction

1. Under North Carolina law, a person can be placed on the North Carolina sex offender registry, and thereby made subject to substantial deprivation of liberty, upon a state official's *ad hoc* determination that the individual has been convicted of an out-of-state offense that is "substantially similar" to a North Carolina crime requiring registration.

1

2. No statute or regulation provides guidance on how to make that determination, or who should make it, and there is no mechanism, either pre- or post-deprivation, to contest the decision.

3. On November 7th, 2017, the United States District Court for the Eastern District of North Carolina found that this practice violated the due process rights of individuals placed on the North Carolina Sex Offender registry by such determinations. *Meredith v. Stein*, 2018 U.S. Dist. LEXIS 190204 (E.D.N.C. Nov. 7th, 2018).

4. By information and belief, there are currently several hundred persons now on the North Carolina Sex Offender Registry placed there solely on the basis that a state or county official, without notice or opportunity to be heard, has determined that their out-of-state offense is "substantially similar" to a North Carolina offense requiring registration.

5. Since this Court's decision in *Meredith v. Stein*, the State of North Carolina has taken no action to rectify this constitutional deficiency. 2018 U.S. Dist. LEXIS 190204.

6. In this case, Plaintiff Kenneth S. Grabarzcyk, a person similarly situated to the Plaintiff in *Meredith v. Stein*, on behalf of himself and the class of persons also similarly situated, seeks an order of the Court enjoining Defendants from including them on the North Carolina Sex Offender

Registry without constitutionally adequate notice and an opportunity to be heard.

## II. Jurisdiction and Venue

1. This case is brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1342. Plaintiff seeks redress for the deprivation of rights secured by the U.S. Constitution.

3. Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(b).

4. All Defendants are residents of North Carolina and at least one Defendant resides in the Eastern District of North Carolina.

5. A substantial part of the events or omissions giving rise to this claim occurred in the Eastern District of North Carolina.

6. The declaratory and injunctive relief sought by Plaintiffs is authorized by 28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure 57 and 65, and by the legal and equitable powers of the Court.

7. Plaintiff Kenneth S. Grabarczyk is an individual now residing in Alamance County, North Carolina.

8. Defendant Joshua Stein is the Attorney General of North Carolina. He is sued in his official capacity.

9. By information and belief, Defendant Joshua Stein is a resident of the Eastern District of North Carolina.

10. Defendant Bob Schurmeier is the Director of the North Carolina State Bureau of Investigation. He is sued in his official capacity.

11. By information and belief, Defendant Bob Schurmeier is a resident of the Eastern District of North Carolina.

12. Defendant Sean Boone is the District Attorney of North Carolina Judicial District 15A, which includes Alamance County, North Carolina. He is sued in his official capacity.

13. The events giving rise to this action took place substantially in Wake and Alamance Counties, North Carolina.

### III. Class Representation Allegations

14. Pursuant to Federal Rule of Civil Procedure 23, this action is brought on behalf of all persons placed on the North Carolina Sex Offender Registry solely on the basis of the determination by a state or county official that there out-of-state offense was "substantially similar" to a North Carolina offense requiring registration.

15. The Class consists of all persons placed on the North Carolina Sex Offender registry on the basis of an offense committed in a state other than

4

North Carolina and who both committed the predicate offense prior to December 1st, 2006 and moved into the state of North Carolina prior to December 1st, 2006.

16. The only way any such person was placed on the North Carolina Sex Offender Registry was through the determination by a state or county official that such out-of-state offense was "substantially similar" to a then-existing North Carolina offense requiring registration.

17. In all cases, such determinations were made without notice to the person now required to register and without opportunity to be heard.

18. By information and belief, this Class of persons is so numerous that joinder is impractical.

19. By information and belief, there are several hundred persons in this Class.

20. The material questions of law and fact are common to the members of the Class.

21. Each member brings a common claim: placement on the North Carolina Sex Offender Registry, without notice or an opportunity to be heard, pursuant to a state or county official's determination that their out-of-state offense was "substantially similar" to a then existing North Carolina offense

requiring registration is a violation of their procedural due process rights under the U.S. Constitution.

22. Plaintiff Kenneth S. Grabarczyk, the Class Representative, herein brings a claim typical of the claims of the class.

23. Plaintiff Kenneth S. Grabarczyk will fairly and adequately protect the interests of the class.

24. This common question of law and substantial similarity of facts predominate over any question of law or fact affecting only individual members of the Class.

25. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

26. The Defendants have acted or refused to act on grounds that apply generally to the class, so final injunctive relief and corresponding declaratory relief is appropriate respecting the class as a whole.

27. Adjudications with respect to individual class members would be, as a practical matter, dispositive of the interests of other members not parties to the individual adjudications and/or would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for state officials.

## IV. Statement of Facts

28. Defendant Joshua Stein, Attorney General for the State of North Carolina, is the State's authorized legal representative and has statutory authority to bring criminal prosecutions in the State of North Carolina upon request of district attorneys.

29. Defendant Bob Schurmeier, Director of the State Bureau of Investigation, is the State employee responsible for the inclusion and exclusion of information on the North Carolina sex offender registry.

30. Defendant Sean Boone, District Attorney, is responsible for the prosecution of all crimes in Alamance County, North Carolina wherein Plaintiff, the Class Representative, currently resides.

31. In 2002, Mr. Grabarcyk pled guilty in Wisconsin to violating Wisconsin Statute 940.225(2)(b) (Second-Degree Sexual Assault).

32. The elements of Statute 940.225(2)(b) allow for conviction when an individual has sexual contact by use or threat of force.

33. However, under Wisconsin Statute 940.225(5)(b), the definition of "sexual contact" includes contact with the intimate part of the complainant that is *not* for the purpose of sexual arousal, sexual gratification, or sexual abuse.

7

34. All relevant North Carolina criminal statutes require that, to be placed on the North Carolina Sex Offender Registry, the requisite "sexual contact" be "for the purpose of sexual arousal, sexual gratification, or sexual abuse" *See* N.C.G.S. § 14-27.33.

35. Accordingly, Mr. Grabarzcyk's Wisconsin conviction is not "substantially similar" to a North Carolina reportable conviction.

36. Mr. Grabarczyk became a resident of North Carolina in 2005.

37. At that time, he was placed on the North Carolina Sex Offender Registry solely on the basis of a state or county official's determination that his Wisconsin offense was "substantially similar" to a North Carolina offense requiring registration.

38. Mr. Grabarzcyk was given no notice or opportunity to be heard regarding this determination.

39. At the time Mr. Grabarczyk was required to register, and at all times prior to December 1st, 2006, the only lawful basis for placing a person on the North Carolina Sex Offender Registry on the basis of an out-of-state conviction was the determination that the out-of-state offense was "substantially similar" to a North Carolina offense requiring registration.

40. For all person who committed the predicate offense prior to December 1st, 2006 in a state other than North Carolina and who moved into North

8

Carolina prior to December 1st, 2006, the only lawful basis for placing a person on the North Carolina Sex Offender Registry on the basis of an out-of-state conviction was the determination that the out-of-state offense was "substantially similar" to a North Carolina offense requiring registration.

41. In all such cases, the requirement of registration is based solely on a state or county official's determination that the out-of-state conviction was "substantially similar" to a North Carolina offense requiring registration.

42. In all such cases, the person being required to register was given no notice or opportunity to be heard regarding this determination.

43. North Carolina state statutes did not prior to December 1st, 2006 and do not now provide any guidance for making the determination that an out-of-state offense is "substantially similar" to a North Carolina reportable conviction.

44. There was not prior to December 1st, 2006 and there is not now any other authoritative guidance to State officials regarding how to make a determination that an out-of-state offense is "substantially similar" to North Carolina reportable conviction.

45. There was not prior to December 1st, 2006 and there is not now any administrative or legal mechanism, other than direct constitutional

challenge, to contest the determination that an out-of-state offense is "substantially similar" to a North Carolina reportable conviction.

46. Failure to comply with the imposed registration required, for Mr. Grabarczyk and others similarly situated, subjects the individual to felony prosecution for failing to register.

47. Placement on the North Carolina Sex Offender registry subjects Mr. Grabarczyk and others similarly situated to public opprobrium and reputational harm.

48. Placement on the North Carolina Sex Offender registry subjects Mr. Grabarczyk and others similarly situated to substantial deprivations of liberty.

49. These deprivations include, but are not limited to: on-going, in-person registration requirements and surveillance by law enforcement personnel (N.C.G.S. §§ 14-208.7, 14-208.8A, and 14-208.9); restriction from parks, libraries, the state fair, museums, places of worship, colleges, and other locations (*See* N.C.G.S. §14-208.18(a)); restrictions on housing (N.C.G.S. §§ 14-208.16 and 14-208.18); and occupational restrictions (N.C.G.S. §§ 14-208.17 and 14-208.19A).

50. Mr. Grabarczyk and others similarly situated are currently subject to prosecution for violation of the statutes and regulations pertaining to

registered sex offenders and contained in Article 27A of the North Carolina General Statutes and related provisions of North Carolina law.

51. The state has not disclaimed the intent to enforce the statutes and regulations pertaining to registered sex offenders against Mr. Grabarczyk and others similarly situated.

## IV. Cause of Action
## Procedural Due Process

52. All preceding paragraphs are incorporated herein by reference.

53. By state action, Plaintiff and others similarly situated have been placed on the North Carolina sex offender registry and are currently under threat of arrest and prosecution for violating any statute applicable to registrants.

54. Placement on the North Carolina sex offender registry causes reputational harm to Plaintiff and others similarly situated.

55. Placement on the North Carolina sex offender registry significantly alters the legal status and rights of Plaintiff and others similarly situated.

56. Plaintiff and others similarly situated were placed on the North Carolina Sex Offender Registry solely on the basis that their out-of-state conviction was "substantially similar" to a North Carolina offense requiring registration.

11

57. In all cases, Plaintiff and others similarly situated were given no notice nor opportunity to be heard prior to or after this determination was made.

58. In all cases, Plaintiff and others similarly situated have no opportunity to contest this determination in any trial, hearing, or other forum.

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, prays the Court:

1) For a declaratory judgment that the State has violated the Due Process Rights of Plaintiff and others similarly situated under the Fourteenth Amendment of the Constitution of the United States by placing them on the North Carolina Sex Offender Registry and thereby subjecting them to a substantial deprivation of liberty without notice and opportunity to be heard;

2) For an Order directing Defendants, in their official capacities, to remove the name and other information of Plaintiff and others similarly situated from the North Carolina Sex Offender Registry;

3) For an injunction barring Defendants, in their official capacities, from enforcing North Carolina statutes applicable only to registered sex offenders against Plaintiff and others similarly situated;

4) For attorney's fees and costs pursuant to 42 U.S.C. §1988 and any other applicable federal or state statute; and

5) For nominal, compensatory, and punitive damages in an amount to be proven.

This is the 20th day of February, 2019.

*//Paul M. Dubbeling//*
Paul M. Dubbeling
P.M. Dubbeling, PLLC
210 North Columbia Street
Chapel Hill, NC 27514
(919) 635-6005 Telephone
(919) 404-7074 Facsimile
paul.dubbeling@pmdubbeling.com
NC Bar # 47014
Attorney for Plaintiff