IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-48-BO

KENNETH S. GRABARCZYK, on )
behalf of himself and others similarly )
situated, )
             Plaintiff, )
)
v. )     O R D E R
)
JOSHUA STEIN, Attorney General of the )
State of North Carolina, in his official )
capacity; BOB SCHURMEIER, Director )
of the North Carolina State Bureau of )
Investigation, in his official capacity; SEAN )
BOONE, District Attorney of Alamance )
County, North Carolina, in his official )
capacity; )
             Defendants. )

This cause comes before the Court on defendants Stein and Schurmeier's motion to dismiss and defendant Boone's motion to dismiss. [DE 19 & 21]. The appropriate responses and replies having been filed, or the time for doing so having expired, the motions are ripe for ruling. For the reasons that follow, both motions are granted in part and denied in part.

BACKGROUND

Plaintiff initiated this action by filing a complaint alleging a single claim under 42 U.S.C. § 1983 that his procedural due process rights guaranteed by the Fourteenth Amendment have been violated by being placed on the North Carolina Sex Offender Registry (NCSOR) without notice and an opportunity to be heard. Plaintiff specifically challenges his placement on the NCSOR based upon a state official's ad hoc determination that plaintiff was convicted of an out-

of-state sex offense that is "substantially similar" to a North Carolina crime requiring registration. *See* N.C. Gen. Stat. § 14-208.6(4)(b) (2005).

Plaintiff alleges that in 2002 he pleaded guilty in Wisconsin to violating Wisconsin statute 940.225(2)(b) (second degree sexual assault). In 2005, plaintiff became a resident of North Carolina and was placed on the NCSOR based on a determination that his Wisconsin offense was "substantially similar" to a North Carolina offense requiring registration. Plaintiff alleges that he was given no notice or opportunity to be heard with regard to this determination, and further alleges that Wisconsin's second degree sexual assault is not substantially similar to a North Carolina offense requiring registration because it may be committed not for the purpose of sexual arousal. *See* N.C. Gen. Stat. § 14-27.33 (offense must require sexual contact for the purpose of sexual arousal to require sex offender registration). Plaintiff alleges that for all persons who committed a predicate out-of-state offense and moved to North Carolina prior to December 1, 2006, the only lawful basis for being placed on the NCSOR was a determination that the out-of-state conviction was substantially similar to a North Carolina offense requiring registration and that this substantial similarity determination was made without notice and an opportunity to be heard.

Plaintiff seeks as relief his removal from the NCSOR, a declaration that his due process rights were violated, and an injunction barring defendants in their official capacities from enforcing North Carolina statutes applicable only to registered sex offenders against plaintiff. Plaintiff further seeks nominal, compensatory, and punitive damages as well as attorney fees and costs. Plaintiff filed his complaint as a putative class action.

DISCUSSION

The defendants have moved to dismiss plaintiff's claims under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

3

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

A. Plaintiff has Article III standing.

All defendants challenge plaintiff's standing to bring this action, arguing that plaintiff has not suffered an injury and that, even if he has suffered an injury, it is not fairly traceable to these defendants.

Article III of the Constitution limits federal courts to jurisdiction over actual cases or controversies. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). Standing to sue under Article III requires a plaintiff to have suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and that is likely to be redressed by a judicial decision in his favor. *Id.* When, as here, a plaintiff seeks injunctive relief, more than simply an allegation of a defendant's prior wrongful conduct is required, and the plaintiff must demonstrate a substantial likelihood of future harm. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

This Court has previously held in a similar case that a person placed on North Carolina's sex offender registry under the same circumstances as this plaintiff had Article III standing to sue

4

North Carolina's Attorney General, Director of the State Bureau of Investigation, and the plaintiff's local district attorney for precisely the same relief which plaintiff seeks here – an order removing him from the sex offender registry, preventing him from being prosecuted for failure to register and other crimes applicable to sex offender registrants, and declaring that his due process rights had been violated. *Meredith v. Stein*, 355 F. Supp. 3d 355, 361 (E.D.N.C. 2018). Defendants have made no arguments that would distinguish this Court's holding in *Meredith* from the instant case.

This plaintiff has alleged that he has suffered an injury, namely placement on the NCSOR, from which significant restrictions flow. *See id.* at 359. Such injury is further fairly traceable to the defendants who are, in the case of defendant Schurmeier, responsible for compiling and maintaining the NCSOR, and, in the case of defendants Stein and Boone, responsible enforcing the state's criminal laws. *See* N.C. Gen. Stat. §§ 14-208.14; 143B-915; 14-208.11.

B. The Court has personal jurisdiction over the defendants.

As a general matter, state officers sued in their official capacities are immune from suit under the Eleventh Amendment. The doctrine of *Ex parte Young*, 209 U.S. 123, 159–60 (1908), however, provides an exception to Eleventh Amendment immunity where suit is brought against state officials and "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998). "[A] court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective'" to determine whether *Ex parte Young* applies. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citation omitted). "The requirement that

5

the violation of federal law be ongoing is satisfied when a state officer's enforcement of an allegedly unconstitutional state law is threatened, even if the threat is not yet imminent." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 330 (4th Cir. 2001). Plaintiff is seeking prospective relief and plaintiff has sufficiently alleged ongoing violations of law. Although plaintiff also seeks damages in his complaint, he concedes in the briefing that defendants are immune from damages. *See, e.g.*, [DE 23 at 6].

To be a proper party in an *Ex parte Young* suit, a state officer sued must have "some connection with the enforcement of the act" in question. *Lytle v. Griffith*, 240 F.3d 404, 409 (4th Cir. 2009). This requirement is a practical one: for proper resolution of the question, the proper party must be before the court. If a party that does not have a relationship to the actual enforcement is sued, that suit should be dismissed. Whether a defendant has a sufficient connection under *Ex parte Young* is a question of proximity. *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008).

The Attorney General has, upon the request of a county's district attorney, the authority to prosecute or assist in the prosecution of criminal cases. N.C. Gen. Stat. § 114-11.6. Plaintiff has sufficiently alleged that defendant Stein has enough of a connection to the enforcement of North Carolina criminal laws to satisfy the requirements for personal jurisdiction under *Ex parte Young*. Defendant Boone, as the Alamance County District Attorney, has the authority to prosecute plaintiff for violating laws which are applicable to individuals who are placed on the sex offender registry. Plaintiff has also alleged that defendant Schurmeier is responsible for compiling and maintaining the NCSOR. The compilation and maintenance of the NCSOR is plainly connected to the enforcement of the act in question, which is North Carolina's requirement that individuals be placed on the sex offender registry after a determination by a

6

local sheriff that their out-of-state crime is substantially similar to one for which North Carolina would require registration. The Court has personal jurisdiction over each of the defendants and they are the proper *Ex parte Young* parties.

C.   *Rooker-Feldman* does not bar this complaint.

With the exception of habeas corpus proceedings, a federal district court is without authority to review a final judgment of a state court. *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). This restriction, commonly referred to as the *Rooker-Feldman* doctrine, applies not only to direct review of issues actually decided, but also claims "inextricably intertwined" with state court decisions. *Feldman*, 460 U.S. at 486-87. If a federal district court would have to hold that the state court wrongly decided the issues before it in order to find for the plaintiffs on a particular claim, then jurisdiction in the federal district court is foreclosed as to that claim. *Brown & Root*, 211 F.3d at 198 (citing *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)). Additionally, a party who loses in state court may not seek what would essentially be a substantive review of that judgment in federal district court by claiming that the judgment itself was a violation of his rights. *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

Defendant Boone argues that, at bottom, plaintiff is challenging his Wisconsin conviction which required him to register as a sex offender. Boone's argument is misplaced. Plaintiff challenges North Carolina's sex offender registry law which applies to individuals like plaintiff who committed out-of-state sex offenses and moved to North Carolina prior to December 1, 2006. Plaintiff does not seek review of his Wisconsin conviction nor does he claim that his Wisconsin conviction violated his rights, and thus *Rooker-Feldman* is inapplicable.

D. Plaintiff has stated a plausible claim for relief.

All parties have raised a statute of limitations defense. The statute of limitations for a claim brought under 42 U.S.C. § 1983 is borrowed from the most analogous state law claim. *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014). Where, as here, the substantial deprivation of liberty without due process forms the basis of the claim, the statute of limitations does not begin to run until due process is afforded. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). Because plaintiff's alleged harm is ongoing, and there has been no end to his deprivation of liberty without due process, the Court concludes that no statute of limitations bars plaintiff's claims. *See also Virginia Hosp. Ass'n v. Baliles*, 868 F.2d 653, 663 (4th Cir. 1989) ("[t]he continued enforcement of an unconstitutional statute cannot be insulated by the statute of limitations").

Finally, defendant Boone has raised the equitable defense of laches. The defense of laches is available where

> (1) . . . a delay of time has resulted in some change in the condition of the property or in the relations of the parties; 2) the delay necessary to constitute laches depends upon the facts and circumstances of each case; however, the mere passage of time is insufficient to support a finding of laches; 3) the delay must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke the doctrine of laches; and 4) the defense of laches will only work as a bar when the claimant knew of the existence of the grounds for the claim.

*MMR Holdings, LLC v. City of Charlotte*, 148 N.C. App. 208, 209–10 (2001). Defendant Boone contends that because North Carolina amended the relevant statute governing out-of-state convictions, plaintiff's complaint puts the State in the position of defending a finding of "substantial similarity" that has already been amended by the legislature. But the amendment on which Boone relies expressly does *not* apply to plaintiff or to anyone else whose out-of-state conviction was incurred or residence changed to North Carolina prior to December 1, 2006. *See*

N.C. HB 1896, S.L. 2006-247 § 19(e). There has been no change in the relation of the parties to this dispute, and the delay in bringing this suit has not worked to the prejudice or disadvantage of defendant Boone. Because the mere passage of time will not support the defense of laches, Boone has failed to demonstrate that plaintiff's claims should be dismissed on this basis.

## CONCLUSION

For the foregoing reasons, the motions to dismiss [DE 19 & 21] are GRANTED IN PART and DENIED IN PART. Plaintiff's claim for damages is DISMISSED. Plaintiff's remaining claims are permitted to proceed.

SO ORDERED, this 4 day of September, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE