IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-48-BO

KENNETH S. GRABARCZYK, on )
behalf of himself and others similarly )
situated, )
             Plaintiff, )
 )
v. )    O R D E R
 )
JOSHUA STEIN, Attorney General of the )
State of North Carolina, in his official )
capacity; BOB SCHURMEIER, Director )
of the North Carolina State Bureau of )
Investigation, in his official capacity; SEAN )
BOONE, District Attorney of Alamance )
County, North Carolina, in his official )
capacity; )
             Defendants. )

This cause comes before the Court on plaintiff's motions pursuant to Rule 23 of the Federal Rules of Civil Procedure for class certification and to appoint class counsel. Defendants have responded in opposition, plaintiff has replied, and the matters are ripe for ruling. For the following reasons, plaintiff's motions are granted.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein the factual and procedural background of this matter as recited in its order denying defendants' motions to dismiss. [DE 36].

## DISCUSSION

Rule 23 of the Federal Rules of Civil Procedure provides that certification of a class is appropriate if the following prerequisites are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed R. Civ. P. 23(a).[1] If the prerequisites have been satisfied, the party seeking class certification must also demonstrate that the action falls within a category of Rule 23(b). *See Haywood v. Barnes*, 109 F.R.D. 568, 575 (E.D.N.C. 1986).

A court's inquiry into whether the Rule 23(a) prerequisites have been satisfied must be rigorous, but it does not entail a "free-ranging merits inquiry at the certification stage." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). A party must also satisfy the Rule 23(b) provision with evidentiary proof, and may not rely on the pleadings alone. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). In addition to Rule 23's express requirements, the Fourth Circuit has recognized an implicit requirement that the class be ascertainable or readily identifiable. *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014). The party seeking class certification bears the burden of proof. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006).

Plaintiff's proposed class is comprised of

> All persons placed on the North Carolina Sex Offender Registry solely on the basis of an offense committed in a state other than North Carolina and who both committed the predicate offense prior to December 1, 2006, and moved into the state of North Carolina prior to December 1, 2006.

A. The class is ascertainable and readily identifiable.

Plaintiff has identified 1,314 class members by using objective criteria and publicly available registry records. The class is therefore readily identifiable and ascertainable.

---

[1] These requirements are generally referred to as the numerosity, commonality, typicality, and adequacy-of-representation requirements.

B.     The Rule 23(a) requirements have been satisfied.

(i) Numerosity. The proposed class, comprised of 1,314 individuals, plainly satisfies the numerosity requirement. There is no specific number required to maintain a class action, *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984), but in certain instances numerosity may be presumed at forty members. *Hoyte v. D.C.*, 325 F.R.D. 485, 490 (D.D.C. 2017).

(ii) Commonality. A finding of commonality requires a class plaintiff to show that the class members' claims "depend upon a common contention capable of classwide resolution." *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 113 (4th Cir. 2013) (internal quotation omitted)(quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). In other words, a class plaintiff must be able to show not just that the complaint raises common questions as to the class members, but that the litigation will "generate common answers apt to drive the resolution of the litigation." *Id.* (citation and emphasis omitted). A single common question, or answer, is sufficient to satisfy the commonality requirement. *Dukes*, 564 U.S. at 359.

The dispositive question for each class member is whether, as it relates to this putative class of persons, the State of North Carolina's process for making a determination of substantial similarity resulting in a person's placement on the sex offender registry comports with due process. This common question, and answer, satisfies the commonality requirement.

(iii) Typicality. Typicality requires a showing that the "representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996).

Plaintiff Grabarczyk is typical of the class in that his interests are aligned with the class; indeed, his claim is identical to the claim of the class members. In order to show that he was

3

deprived of due process, plaintiff must demonstrate that he was placed on the North Carolina sex offender registry, that placement on the sex offender registry altered his legal status, and that he was placed there without sufficient process. *See Meredith v. Stein*, 355 F. Supp. 3d 355, 364 (E.D.N.C. 2018). There has been no showing that Grabarczyk's circumstances are unique such that he would be unable to advance the due process claim of the other class members.

Defendants' arguments to the contrary miss the mark. The registration status and requirements of the putative class-members' states of conviction have no bearing on whether North Carolina's sex offender registry law in place prior to December 1, 2006, afforded individuals who moved here prior to that date with constitutionally sufficient due process. The putative class members' relocation to North Carolina altered their legal status when they were required to register as sex offenders based upon a determination by a county sheriff that their out-of-state crime was substantially similar to a North Carolina crime requiring registration. *See Meredith*, 355 F. Supp. 3d at 365. Furthermore, that a sheriff's determination that a class member's offense was substantially similar was correct does not impact the commonality or the typicality analysis; in each case, plaintiff claims that such determination was made without due process, whether the decision reached was correct or not.

(iv) Adequacy of representation. Adequacy of representation requires that the class representative plaintiff not have interests which are materially adverse to the class. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *Sharp Farms v. Speaks*, 917 F.3d 276, 295 (4th Cir. 2019) (class representatives must fairly and adequately protect interests of class). The putative class representatives must also "have a sufficient interest in the outcome of the case to ensure vigorous advocacy". *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 315 (E.D. Va. 2007) (citation omitted). The adequacy of representation factor tends to merge with the typicality and

4

commonality requirements. *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006). The adequacy of representation factor further provides a basis upon which to consider the adequacy of proposed class counsel. *Id.* n. 20; *see also* Fed. R. Civ. P. 23(g).

Plaintiff will adequately represent the class. Plaintiff's claim is common to and typical of the class, and there has been no showing that he has any interests adverse to the class or that he will fail to vigorously advocate on behalf of the class members. The Court further finds that plaintiff's counsel is adequate to serve as class counsel. Counsel claims to have extensive experience in constitutional actions pertaining to sex offender registry laws and to have no conflicts with the interests of any class member. In the absence of any opposition, the Court appoints plaintiff's counsel as class counsel.

II.     Class certification under Rule 23(b)(2) is appropriate.

Rule 23(b)(2) provides that certification of a class is appropriate where

> the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]

Fed. R. Civ. P. 23(b)(2). Plaintiff seeks only declaratory and injunctive relief. The alleged common act of defendants is the failure to afford due process prior to depriving class members of liberties. As discussed in the Court's prior order denying defendants' motions to dismiss, the named defendants are the proper defendants, particularly as defendant Schurmeier is responsible for compiling and maintaining the state sex offender registry.

Defendants arguments to the contrary are again unavailing. For example, that some states where class members were convicted of sex offenses prior to December 1, 2006, participate in the national Sex Offender Registration and Notification Act does not bear on a determination of whether the process, or lack of process, afforded under North Carolina law

when determining whether an out-of-state offense is substantially similar to a North Carolina crime requiring registration comports with due process. Because the relief sought by plaintiff "is about uniform injunctive or declaratory remedies," *Berry v. Schulman*, 807 F.3d 600, 609 (4th Cir. 2015), certification under Rule 23(b)(2) is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motions for class certification and to appoint class counsel [DE 24 & 25] are GRANTED. The class is defined as:

> All persons placed on the North Carolina Sex Offender Registry solely on the basis of an offense committed in a state other than North Carolina and who both committed the predicate offense prior to December 1, 2006, and moved into the state of North Carolina prior to December 1, 2006.

Counsel for plaintiff is appointed as class counsel.

SO ORDERED, this 18 day of September, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE