IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-48-BO

KENNETH S. GRABARCZYK, on )
behalf of himself and others similarly )
situated, )
              Plaintiff, )
 )
v. )       O R D E R
 )
JOSHUA STEIN, Attorney General of the )
State of North Carolina, in his official )
capacity; BOB SCHURMEIER, Director )
of the North Carolina State Bureau of )
Investigation, in his official capacity; SEAN )
BOONE, District Attorney of Alamance )
County, North Carolina, in his official )
capacity; )
             Defendants. )

This cause comes before the Court on plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants have responded, plaintiff has replied, and the motion is ripe for ruling. For the reasons that follow, plaintiff's motion is granted.

BACKGROUND

Plaintiff initiated this action by filing a complaint alleging a single claim under 42 U.S.C. § 1983 that his procedural due process rights guaranteed by the Fourteenth Amendment have been violated by his being placed on the North Carolina Sex Offender Registry (NCSOR) without notice and an opportunity to be heard. Plaintiff specifically challenges his placement on the NCSOR based upon a state official's ad hoc determination that plaintiff was convicted of an out-of-state sex offense that is "substantially similar" to a North Carolina crime requiring registration. *See* N.C. Gen. Stat. § 14-208.6(4)(b) (2005).

Defendants moved to dismiss plaintiff's complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argued that plaintiff lacked Article III standing, that the Court lacked personal jurisdiction over defendants because defendants are not proper *Ex parte Young* defendants, that the *Rooker-Feldman* doctrine barred plaintiff's complaint, and that plaintiff's claim was barred by the statute of limitations. The Court granted in part and denied in part the motions to dismiss, dismissing plaintiff's request for money damages but allowing the remainder of his § 1983 claim to proceed. [DE 36]. The Court later granted plaintiff's motion for class certification and motion to appoint plaintiff's counsel as class counsel. [DE 38]. The class is defined as:

> All persons placed on the North Carolina Sex Offender Registry solely on the basis of an offense committed in a state other than North Carolina and who both committed the predicate offense prior to December 1, 2006, and moved into the state of North Carolina prior to December 1, 2006.

Plaintiff, on behalf of himself and the class, now seeks entry of summary judgment in his favor on his § 1983 claim. In opposition, defendants argue that the Eleventh Amendment bars the claims brought against them and that the Court thus lacks jurisdiction, that the class members have an independent duty to register as sex offenders under the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. §§ 20901, *et seq.*, that due process does not require that class members receive a hearing prior to placement on the NCSOR, and finally that, should the Court grant relief to plaintiff, such relief must be limited.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met,

the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

The following summary of the factual basis for plaintiff's claim is derived from the facts recited by plaintiff in his Local Civil Rule 56.1 statement of material facts which are not disputed by defendants. [DE 51, 55]. In 2002, plaintiff Grabarczyk pleaded guilty in Wisconsin to second degree sexual assault in violation of Wisconsin statute 940.225(a). Plaintiff became a resident of North Carolina in 2005 and was informed by the Alamance County Sheriff's Office that he was required to register as a sex offender in North Carolina. Plaintiff has been continuously registered as a sex offender in North Carolina since that time.

The determination that plaintiff's Wisconsin offense was substantially similar to a North Carolina offense requiring registration was made by an employee of the Alamance County Sheriff's Office. Plaintiff was not afforded a hearing in regard to this determination. The North Carolina General Statutes did not prior to December 1, 2006, and do not now provide guidance

for making the determination that an out-of-state offense is "substantially similar" to a North Carolina offense requiring registration, nor is there any other authoritative guidance regarding how to make the "substantially similar" determination. Plaintiff and the class members are subject to both state and federal prosecution for failing to comply with sex offender registration requirements or for violating any of the restrictions on liberty placed on registered sex offenders.

A. The Court's jurisdiction over defendants

The Court considers first defendants' Eleventh Amendment argument as it implicates the Court's jurisdiction over the defendants.

As they did in their motion to dismiss, defendants argue that the Eleventh Amendment provides immunity from suit for the defendants, specifically because they do not have the special relationship with the challenged action that is required to be proper *Ex parte Young* defendants. The doctrine of *Ex parte Young*, 209 U.S. 123, 159–60 (1908), provides an exception to Eleventh Amendment immunity where suit is brought against state officials and "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998). To be a proper party in an *Ex parte Young* suit, a state officer sued must have "some connection with the enforcement of the act" in question. *Lytle v. Griffith*, 240 F.3d 404, 409 (4th Cir. 2009). Whether a defendant has a sufficient connection under *Ex parte Young* is a question of proximity. *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008). Absent a sufficient connection between the state official and the enforcement of the statute at issue, the suit is merely one against the officer as a representative of the state, and thus an impermissible suit against the state itself. *Ex parte Young*, 209 U.S. at 157.

Defendant Boone has prosecutorial authority within the judicial district that elected him to the office of district attorney, N.C. Const., Art. IV, § 18(1), which includes Alamance County where plaintiff Grabarczyk and eleven other class members reside. Defendant Boone does not appear to argue that he is not a proper *Ex parte Young* defendant as to plaintiff and those eleven class members. That defendant Boone could not prosecute other class members who reside outside of his judicial district does not strip this Court of jurisdiction over him.

Defendant Schurmeier, the Director of the State Bureau of Investigation, is responsible for compiling and maintaining the NCSOR. Although defendants correctly argue that Schurmeier lacks the authority to prosecute plaintiff or any other class member for failure to register, plaintiff seeks injunctive relief which would remove him from the NCSOR. As defendant Schurmeier compiles and maintains the NCSOR, any order of this Court to remove plaintiff would be directed to him, and thus he is the proper *Ex parte Young* defendant as to this relief.

Defendant Stein is the Attorney General of North Carolina. North Carolina's attorney general has, upon the request of a district attorney, the authority to prosecute or assist in the prosecution of criminal cases. N.C. Gen. Stat. § 114-11.6. Defendants argue that the North Carolina Department of Justice has not been asked nor has it accepted an invitation by a local district attorney to prosecute NCSOR violations, *see* [DE 56-2] Elliot Aff., but that argument misses the mark. The fact that the Attorney General has not exercised his power to prosecute NCSOR violations does not alter the analysis as to whether he has the authority to do so. *See also Does 1-5 v. Cooper*, 40 F. Supp. 3d 657, 674 (M.D.N.C. 2014).

The Court thus concludes that the defendants are proper *Ex parte Young* defendants and that the Eleventh Amendment does not make them immune from this suit.

B. Plaintiff's § 1983 procedural due process claim

To prevail on his § 1983 procedural due process claim, plaintiff Grabarczyk on behalf of himself and the class must show first that North Carolina's requirement that individuals register as sex offenders based solely upon a "substantially similar" determination deprives them of a cognizable liberty or property interest and, second, that the procedures attending this deprivation were constitutionally inadequate. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). When a state deprives an individual of a protected liberty or property interest it must provide both notice and an opportunity to be heard. *D.B. v. Cardall*, 826 F.3d 721, 741 (4th Cir. 2016); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

It is generally not disputed that placement on the NCSOR deprives individuals of substantial liberty interests, which include being required to maintain their registration by reporting to sheriffs every six months as well as restrictions on where they may live, work, and spend recreational time. *See Meredith v. Stein*, 355 F. Supp. 3d 355, 365 (E.D.N.C. 2018).

Considering the second prong of the due process analysis, as this Court has previously held, where there is no process, there can be no *due* process. *Id.* North Carolina law requires that an individual be placed on the NCSOR where the individual has a reportable conviction. N.C. Gen. Stat. § 14-208.7(a). The definition of reportable conviction is found in N.C. Gen. Stat. § 14-208.6(4). It is undisputed that prior to December 1, 2006, with respect to conviction which occurred outside of North Carolina, a reportable conviction was defined *only* as a "final a conviction in another state of an offense, which if committed in this State, is substantially similar to an offense against a minor or a sexually violent offense as defined by this section."[1] *See* 2001 North Carolina Laws S.L. 2001-373 (S.B. 936); 2001 N.C. HB 1638 [DE 50-2].

---

[1] For brevity, the Court will refer to "an offense against a minor or a sexually violent offense as defined by this section" as a North Carolina conviction requiring registration.

6

In 2006, the definition of reportable conviction was amended, as is relevant here, to require sex offender registration by any individual convicted of an out-of-state offense that is substantially similar to a North Carolina offense requiring registration *or* is an offense the conviction for which requires registration in the state of conviction. *See, e.g.,* N.C. Gen. Stat. § 14-208.6(4)(b); 2006 North Carolina Laws S.L. 2006-247 (H.B. 1896); [DE 50-14]. This change was made effective on December 1, 2006, and was made applicable only to offenses committed on or after December 1, 2006, and to individuals who move to North Carolina on or after December 1, 2006. *Id.* § 19(e); *State v. Corey*, 248 N.C. App. 302 (2016).

It is undisputed that a local sheriff or his or her employees made and make the determination as to whether an out-of-state offense is "substantially similar" to a North Carolina offense requiring registration and that there is no authoritative guidance as to how to make this determination. Individuals found to have committed substantially similar out-of-state crimes are required to register, and there is no process for seeking review of this decision, nor is there any meaningful opportunity to be heard prior to the decision being made. As this Court has previously held:

> In determining that an individual must register as a sex offender because his out-of-state conviction is "substantially similar" to a reportable conviction, North Carolina provides neither prior notice nor a hearing. In fact, North Carolina provides nothing at all. Rather, each county sheriff's office can decide unilaterally whether any out-of-state offense is "substantially similar" to any reportable North Carolina conviction. The sheriff's deputies responsible for making the determinations do not need to consult with legal counsel, even though substantial similarity has been described as a "question of law." *State v. Springle*, 244 N.C.App. 760, 781 S.E.2d 518, 522 (2016). No evidentiary hearings are held. . . . The substantial similarity determinations are final and result in individuals being forced to register within days or face felony prosecution; there is no opportunity to appeal. There is no statute, regulation, policy, or ordinance outlining the determination process, listing factors that are considered, or identifying who is responsible for making the determinations.

*Meredith*, 355 F. Supp. 3d at 365; *see also Creekmore v. Attorney Gen. of Texas*, 341 F. Supp. 2d 648, 666 (E.D. Tex. 2004).

The summary judgment record in this case does not provide a basis to depart from this Court's prior holding in *Meredith* that the "substantially similar" determination procedure is constitutionally inadequate. For example, defendants have presented evidence that some individuals who may be subject to sex offender registration requirements are permitted to meet with sheriffs and provide input and documentary information to the sheriff's office prior to the "substantially similar" determination. *See* [DE 56-7] McAteer Aff. ¶ 4; [DE 56-4] Elliott Dep. at 43. That some sheriffs or their employees may have a practice to allow for some input prior to making the "substantially similar" determination does not raise a genuine issue of material fact as to whether the procedures afforded to individuals who may be subject to sex offender registration under North Carolina law are constitutionally adequate. *See Cardall*, 826 F.3d 721, 743 (4th Cir. 2016) ("The mere availability and utilization of some procedures does not mean they were constitutionally sufficient.").

Defendants' remaining arguments in opposition to the summary judgment motion fail to demonstrate that summary judgment should not be entered in plaintiffs' favor. Defendants first argue that plaintiff and the class members have a duty to register as sex offenders under federal law, specifically SORNA. *See* 34 U.S.C. §§ 20901, *et seq*. In essence, defendants argue that plaintiffs have suffered no prejudice by being required to register under North Carolina law because they would otherwise be required to register under SORNA. *See Id.* § 20911; *see also United States v. Gould*, 568 F.3d 459, 465 (4th Cir. 2009).

But this lawsuit concerns only North Carolina's state law regarding sex offender registration. North Carolina has declined to adopt the federal definition of "sex offender" under

8

SORNA. Moreover, these plaintiffs, who committed offenses prior to December 1, 2006, and moved to North Carolina prior to December 1, 2006, were all required to register under North Carolina law only because their out-of-state convictions were determined by a local sheriff or sheriff's employee to be substantially similar to a North Carolina offense requiring registration.[2] Defendants contend that plaintiff is attempting to "evade a federal obligation simply because the procedural framework of a State's registry may be flawed" and that this would run contrary to the structure and purpose of SORNA. [DE 54 at 11]. Undoubtedly, as defendants state, "SORNA is national legislation intended to standardize sex offender reporting requirements and impose severe penalties against those who violate those requirements." *Id.* However, given the additional liberty restrictions placed on individuals on the NCSOR, the fact that SORNA may require registration does not resolve plaintiff's challenge to the procedure by which North Carolina determined whether an individual shall be required to register as a sex offender under North Carolina law, and the liberty restrictions that continue to flow from such a determination.

Defendants further argue that a hearing is not required to satisfy due process in this context. *See Matthews v. Eldridge*, 424 U.S. 319, 332-35 (1976); *Cardall*, 826 F.3d at 742. However, plaintiffs do not ask this Court to determine what specific procedures would satisfy due process in this context. They merely ask for a declaration that they have not been afforded constitutionally adequate process.

---

[2] Although SORNA registration requirements apply to individuals convicted of sex offenses prior to SORNA's enactment on July 27, 2006, pre-SORNA offenders were not required to register under SORNA until the Attorney General validly specified that that SORNA's registration requirements applied to them on February 28, 2007. *Reynolds v. United States*, 565 U.S. 432, 437, 439 (2012). Plaintiff was convicted in Wisconsin in 2002 and moved to North Carolina in 2005. His registration on the NCSOR occurred only because his local sheriff determined that his Wisconsin offense was substantially similar to a North Carolina offense requiring registration.

9

This suit concerns a discrete set of individuals who were required to register as sex offenders after moving to North Carolina prior to December 1, 2006, for out-of-state offenses committed prior to December 1, 2006. As this Court has previously held, the absence of any meaningful process afforded to individuals such as plaintiff in determining whether their out-of-state offenses were "substantially similar," which, under North Carolina law, is otherwise a question of law, *Springle*, 244 N.C. App. at 765; *see also State v. Burgess*, 216 N.C. App. 54, 59 (2011), to a North Carolina offense requiring sex offender registration violates their procedural due process rights under the Fourteenth Amendment. *Meredith*, 355 F. Supp. 3d at 366.

Plaintiff, on behalf of himself and the class members, has satisfied his burden under Fed. R. Civ. P. 56 and demonstrated that there are no genuine issues of material fact and that plaintiff is entitled to judgment in his favor as a matter of law.

C. Relief

Plaintiff seeks injunctive and declaratory relief. Specifically, plaintiff asks

1) For a declaratory judgment that the State has violated the Due Process Rights of Plaintiff and others similarly situated under the Fourteenth Amendment of the Constitution of the United States by placing them on the North Carolina Sex Offender Registry and thereby subjecting them to a substantial deprivation of liberty without notice and opportunity to be heard;

2) For an Order directing Defendants, in their official capacities, to remove the name and other information of Plaintiff and others similarly situated from the North Carolina Sex Offender Registry;

3) For an injunction barring Defendants, in their official capacities, from enforcing North Carolina statutes applicable only to registered sex offenders against Plaintiff and others similarly situated; [and]

4) For attorney's fees and costs pursuant to 42 U.S.C. §1988 and any other applicable federal or state statute.

[DE 1].

Defendants ask the Court to limit any relief if summary judgment in plaintiff's favor is granted. Defendants argue that the Court cannot bind any district attorney other than defendant Boone and that it remains the province of the North Carolina General Assembly to remedy whatever constitutional defects this Court finds in the challenged framework.

As discussed above, this Court has not been asked to decide what specific procedures would be required to satisfy due process in this context. Plaintiff has demonstrated, however, that he is entitled to a declaratory judgment under 28 U.S.C. § 2201(a) that

> the State of North Carolina has violated the due process rights of plaintiff and others similarly situated under the Fourteenth Amendment to the United States Constitution by placing them on the North Carolina Sex Offender Registry and thereby subjecting them to a substantial deprivation of liberty without notice and opportunity to be heard.

*See also Meredith*, 355 F. Supp. 3d at 366 (entering same declaration and ordering it to remain in effect unless and until North Carolina modifies its process to afford plaintiff notice and the opportunity to be heard).

A permanent injunction is appropriate where a party shows that "(1) it has suffered an irreparable injury; (2) remedies available at law are inadequate; (3) the balance of the hardships favors the party seeking the injunction; and (4) the public interest would not be disserved by the injunction." *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 126 (4th Cir. 2011). Placement on the sex offender registry without due process of law constitutes an irreparable injury, plaintiff's remedies at law are inadequate, the balance of hardships favors plaintiff, and the public interest would not be disserved by the injunction. The injunction is narrowly tailored and, although the district attorney for each judicial district in which a class member resides has

not been named as a party to this lawsuit, is appropriately entered against the named district attorney and the state's attorney general.

Plaintiff is therefore entitled to injunctive relief and defendants are ENJOINED as follows:

> Defendants, in their official capacities, shall REMOVE plaintiff's and the class members' names and other information from the North Carolina Sex Offender Registry. Defendants, in their official capacities, are further ENJOINED from prosecuting plaintiff or the class members for any offenses applicable only to registered sex offenders based upon their registration on the North Carolina Sex Offender Registry solely because of a prior determination that their out-of-state offense committed before December 1, 2006, is substantially similar to a North Carolina offense requiring sex offender registration.

Whether plaintiff, or any class member, is required to register as sex offender under state or federal law for any reason other than the determination that his out-of-state conviction which occurred prior to December 1, 2006, is substantially similar to a North Carolina offense requiring sex offender registration is not an issue before this Court.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for summary judgment [DE 49] is GRANTED. Defendants' motions for extension of time [DE 52] and to seal [DE 57] are also GRANTED.

Is it hereby ORDERED, ADJUDGED, and DECREED that defendants, their successors, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice hereof

> (1) SHALL REMOVE plaintiff's and the class members' names and other information from the North Carolina Sex Offender Registry, and are further
>
> (2) ENJOINED from prosecuting plaintiff or the class members for any offenses applicable only to registered sex offenders based upon their registration on the North Carolina Sex Offender Registry solely because of a prior determination that

their out-of-state offense committed before December 1, 2006, is substantially similar to a North Carolina offense requiring sex offender registration.

Plaintiff shall recover of defendants his costs of action, if any, including reasonable attorney fees, under 42 U.S.C. § 1988. The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this ___ day of May, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE