IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-48-BO

KENNETH S. GRABARCZYK, on )
behalf of himself and others similarly )
situated, )
              Plaintiff, )
               )
v. )           O R D E R
               )
JOSHUA STEIN, Attorney General of the )
State of North Carolina, in his official )
capacity; BOB SCHURMEIER, Director )
of the North Carolina State Bureau of )
Investigation, in his official capacity; SEAN )
BOONE, District Attorney of Alamance )
County, North Carolina, in his official )
capacity; )
              Defendants. )

    This cause comes before the Court following remand of this matter from the court of appeals and on plaintiff's motion to file an amended complaint. [DE 74 & 78].

    Plaintiff, on behalf of himself and others similarly situated, filed a complaint pursuant to 42 U.S.C. § 1983 alleging a single claim that his procedural due process rights guaranteed by the Fourteenth Amendment had been violated by his being placed on the North Carolina Sex Offender Registry without notice and an opportunity to be heard. Plaintiff's placement on the registry was based upon a determination that his out of state conviction was substantially similar to an offense that, if committed in North Carolina, would require sex offender registration. This Court subsequently certified the class and granted summary judgment in plaintiff's favor. [DE 38, 60]. The judgment was stayed pending resolution of defendants' appeal. [DE 72].

After noticing their appeal of this Court's order and judgment in favor of plaintiff and the class, defendants moved in the Fourth Circuit to remand the case based upon recently enacted legislation by the North Carolina General Assembly which resulted in a material change to the statutory scheme examined by this Court. *See* 2020 N.C. Sess. Laws 83, s. 11.5(a). The new legislation specifically provides a procedure by which plaintiff and members of the class will receive a review of the prior determination of substantial similarity. *Id*. By order entered August 14, 2020, the court of appeals granted defendants' motion to remand, vacated this Court's order granting summary judgment, and remanded the case for further proceedings as deemed necessary. [DE 74]. Mandate issued on September 8, 2020. [DE 77].

Also on September 8, 2020, plaintiff filed a motion for leave to amend the complaint to challenge the constitutional sufficiency of the law as newly enacted. Defendants oppose plaintiff's motion to amend, arguing that the due process claim alleged in the original complaint is now moot and that this case should be dismissed to allow plaintiff to file a new lawsuit to challenge the newly enacted statute.

As plaintiff agrees, the due process claim alleged in the original complaint is moot in light of the newly enacted legislation. The court of appeals has remanded this action for further proceedings as deemed necessary. It is the ordinary practice to dispose of a case rendered moot on appeal by vacating the judgment with instructions to dismiss. *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526 (2020). However, "where the mootness is attributable to a change in the legal framework governing the case, and where the plaintiff may have some residual claim that understandably not asserted previously," remand for further proceedings, including the amendment of pleadings, may be appropriate. *Id.* (citation omitted).

2

Plaintiff seeks to challenge a new state statute, not to, for example, add a claim for damages that was not previously asserted. *See id.* The Court, in its discretion, determines that dismissal of this action without prejudice to allow plaintiff to file a new action is the appropriate course. *See Alvarez v. Smith*, 558 U.S. 87, 94 (2009). Accordingly, as plaintiff's claim in the original complaint is MOOT, the Court, in its discretion, DISMISSES this case WITHOUT PREJUDICE. Plaintiff's motion for leave to amend the complaint [DE 78] is DENIED. The clerk is directed to close the case.

SO ORDERED, this _28_ day of October, 2020.

*[signature]*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE