IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-48-BO

KENNETH S. GRABARCZYK, on )
behalf of himself and others similarly )
situated, )
            Plaintiff, )
)
v. )     O R D E R
)
JOSHUA STEIN, Attorney General of the )
State of North Carolina, in his official )
capacity; BOB SCHURMEIER, Director )
of the North Carolina State Bureau of )
Investigation, in his official capacity; SEAN )
BOONE, District Attorney of Alamance )
County, North Carolina, in his official )
capacity; )
            Defendants. )

This cause comes before the Court on plaintiff's renewed motion for attorney fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(1). Defendants have responded, plaintiff has replied, and the motion is ripe for ruling. For the reasons that follow, plaintiff's motion is granted.

## BACKGROUND

Plaintiff initiated this action by filing a complaint alleging in a single claim under 42 U.S.C. § 1983 that his procedural due process rights guaranteed by the Fourteenth Amendment were violated by his being placed on the North Carolina Sex Offender Registry without notice and an opportunity to be heard. Plaintiff specifically challenged his placement on the sex offender registry based upon a state official's ad hoc determination that plaintiff was convicted of an out-of-state sex offense that is "substantially similar" to a North Carolina crime requiring

registration. *See* N.C. Gen. Stat. § 14-208.6(4)(b) (2005); [DE 1]. This Court later granted plaintiff's motion to certify a class and entered summary judgment in plaintiff's favor. [DE 60]. Defendants noticed a direct appeal, and this Court denied plaintiff's motion for attorney fees and costs without prejudice pending the appeal. [DE 73].

The court of appeals later granted defendants' unopposed motion for remand based upon recently enacted legislation which materially changed the statutory scheme examined by this Court. [DE 74]. The court of appeals vacated this Court's order granting summary judgment and remanded the case for further proceedings as deemed necessary. *Id.* This Court subsequently denied plaintiff's request to amend his complaint to challenge the newly enacted legislation in this action, held that the original claim was moot, and dismissed the case without prejudice. [DE 82]. The renewed motion for attorney fees followed.

## DISCUSSION

There is "a general practice of not awarding fees to a prevailing party absent explicit authority." *Key Tronic Corp. v. United States,* 511 U.S. 809, 819 (1994. Such authority is granted in 42 U.S.C. § 1988, which provides that the Court may "allow the prevailing party, other than the United States, a reasonable attorney's fee . . . ." 42 U.S.C. § 1988(b).

Defendants argue that plaintiff is no longer the prevailing party because the summary judgment order entered in his favor has been vacated. The Court disagrees.

The prevailing party is the party to whom some relief has been awarded by the court. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). This is often determined by examining in whose favor judgment on the merits was entered, but may also include settlement agreements which amount to "a court-ordered change in the legal relationship between" the parties. *Id.* at 604 (quotations and citation omitted).

However, where a defendant voluntarily changes conduct prior to entry of judgment, such action "lacks the necessary judicial imprimature on the change" to afford prevailing party status to the plaintiff. *Id.* at 605; *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 794 F.3d 21, 24 (D.C. Cir. 2015).

Here, prior to the actions of the state legislature, plaintiff was plainly the prevailing party as judgment had been entered in his favor. That the state legislature acted after this Court's entry of judgment should not change this result. The Court is persuaded that where a legislative change mooting the case is made *after* the entry of summary judgment and *because* of the judicial ruling, an award of fees is appropriate under § 1988 to the party which prevailed on summary judgment. *Palmetto Properties, Inc. v. Cty. of DuPage*, 375 F.3d 542, 550 (7th Cir. 2004). There is no real dispute that the legislative change in this case was made after this Court's entry of summary judgment and because of its holding.

As discussed by the *Palmetto Properties* court, the state law challenged in *Buckhannon* was repealed *before* the entry of any substantive rulings. *Id.* The *Buckhannon* court determined that such a change was voluntary, and thus, although the result plaintiffs sought was achieved, it lacked the necessary judicial imprimatur to convey prevailing party status. *Buckhannon*, 532 U.S. at 605. Here, as in *Palmetto Properties*, the legislature amended the law in question only after this Court determined that it was unconstitutional. A common-sense application of the term prevailing party in this case plainly demonstrates that plaintiff is entitled to an award of attorney fees under § 1988. *Palmetto Properties*, 375 F.3d at 552.

Plaintiff requests $65,360 in attorney fees and $2,148.65 in costs for fees and costs incurred prior to entry of this Court's judgment. Plaintiff's counsel represents that he has charged

3

$450 per hour for his time and $125 per hour for paralegal time, and that he took the case on a contingency fee basis.

Determination of an attorney fee award involves three steps. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). The Court first determines the lodestar amount by multiplying a reasonable fee rate times the number of reasonable hours expended. *Id.* (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir.2009)). The reasonable rate as well as a reasonable number of hours expended are determined by applying the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974).[1] *Id.* In the second step, the Court subtracts any fees for hours spent on unsuccessful claims. *Id.* In the last step, the court awards a percentage of the remaining amount, "depending on the degree of success enjoyed by the [party]." *Id.*

Defendants first contend that plaintiff has failed to sufficiently establish a reasonable rate by demonstrating the "prevailing market rates in the relevant community." *McAfee*, 738 F.3d at 91. Typically, this is done by way of affidavit by local attorneys, which plaintiff has not submitted. Defendants, do not, however, dispute that a $400 per hour rate is reasonable and consistent with prior awards to plaintiff's counsel in analogous cases. The Court will award fees at the $400 per hour rate.

---

[1] 1) The *Johnson* factors include the "time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *McAfee*, 738 F.3d at 88 n.5.

4

Defendants further argue that plaintiff has failed to similarly establish the rate of $125 per hour for paralegal time. However, as plaintiff points out in reply, defendants agreed to this rate in an analogous case in which the attorney fee issue was settled. Accordingly, the Court will not reduce the paralegal rate.

Defendants also object to plaintiff's inclusion of travel time, but the Court finds this to be appropriately included at one-half of the full rate. *See Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988) ("A prevailing plaintiff in a civil rights action is entitled, under § 1988, to recover those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.") (quotation and citation omitted); *Stuart v. Walker-McGill*, No. 1:11-CV-804, 2016 U.S. Dist. LEXIS 7976, at *7 (M.D.N.C. Jan. 25, 2016).

The relevant *Johnson* factors support the time expended at the attorney rate of $400 per hour. Plaintiff challenged the constitutionality of a state statute pertaining to sex offender registration, which, although not novel in this Court, raises difficult questions. There is no suggestion that the experience or skill of plaintiff's counsel would support any further reduction in the fee request, and the issue in this case likely is not one that many attorneys or firms would undertake to raise.

As plaintiff was fully successful in this Court, there is no need to subtract any time spent on unsuccessful claims. In their most recent response to the motion for attorney fees, defendants suggest that a reduction of the fee request by 80% would be appropriate in light of the outcome of the case. The Court disagrees. As discussed above, plaintiff is the prevailing party, and that the state legislature elected to amend the challenged statute after this Court found it violated due process does not change that outcome. Moreover, this is the second lawsuit filed by counsel

5

challenging the same now-repealed statute on the same grounds. The outcome in both suits was, essentially, the same. Finally, each of the defendants in this suit has been sued in his official capacity and is not personally liable for the attorney fees. The Court, therefore, declines to reduce plaintiff's attorney fee award. Plaintiff will be awarded attorney fees for the full amount of time claimed at the $400 per hour rate for attorney time and $125 per hour rate for paralegal time.

Defendants do not object to the amount of costs requested by plaintiff, and the Court will award plaintiff costs as requested.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's renewed motion for attorney fees and costs [DE 84] is GRANTED. Plaintiff is awarded attorney fees in the amount of $58,232.50 and costs in the amount of $2,148.65.

SO ORDERED, this 28 day of January, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE